[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties have come before the court seeking a dissolution of their marriage and an equitable distribution of their assets as well as a determination as to the custody and support of their minor children.
The parties were married on May 5, 1984 in Bridgeport, CT Page 563-T Connecticut.
Both parties have resided in the State of Connecticut for more than one year prior to the commencement of this action.
There are two minor children issue of their marriage. namely, Ashley Lynn, born April 19, 1986, and Michael Joseph, born February 9, 1988.
The court finds that the marriage has broken down irretrievably and therefore enters a decree of dissolution.
Custody of the minor children is awarded to the parties jointly with physical custody to be with the plaintiff mother.
Visitation shall be every Wednesday from 3:00 p. m. to 7:00 p. m. The father is to pick up the children after school and is to return them to the mother's residence. In addition, on the first weekend of every month, the mother shall have the children exclusively. On the second weekend of the month the father shall have the children overnight from Friday after school to Saturday at 6:00 p. m. On the third weekend of the month the father shall have visitation on Sunday from 12:00 noon to 6:00 p. m. The fourth weekend visitation shall be overnight beginning after school on Friday to Saturday at 6:00 p. m. On visitations where school is in CT Page 563-U recess, visitation shall commence at 3:00 p. m. In addition, the mother shall have the children exclusively for a period of two weeks during summer vacation. She will give the defendant 60 days' notice as to the dates. The defendant will have the children exclusively for one week during the summer vacation and one week during spring recess. He will give the plaintiff 60 days' notice.
The defendant shall pay as support for the minor children the sum of $218.00, which the court believes conforms to the guidelines for support. During the weeks the defendant has the children exclusively, he shall not be obliged to pay any support.
The marital residence at 96 Valley View Road is presently occupied by the plaintiff and their two children. The defendant has asked that the property be sold and the proceeds divided 60% to the plaintiff and 40% to the defendant. The plaintiff wishes to have the property quitclaimed to her. The property is appraised at $124,000.00 as of October 15, 1996. It is encumbered by a mortgage with a balance of $104,677.15. The court grants possession of the property to the plaintiff herein until such time as the youngest child reaches his majority, at which time the property is to be sold and the net proceeds divided 60% to the plaintiff and 40% to the defendant. The plaintiff shall have first refusal as to any sale. If the plaintiff finds it necessary CT Page 563-V to sell the property during the ensuing years, then the defendant shall join therein and the proceeds shall be divided on the same 60/40 basis. The plaintiff shall be responsible for the mortgage, taxes and insurance as well as any incidental maintenance up to $500.00. Above that figure the cost for any necessary repairs shall be divided on the same 60/40 basis.
The defendant shall maintain his life insurance policy in the amount of $50,000.00 for the benefit of his children until the youngest child reaches the age of 18 or completes high school, whichever is later.
The plaintiff shall maintain her life insurance policy in the amount of $25,000.00 for the benefit of the children until the youngest child reaches the age of 18 or completes high school, whichever is later.
The plaintiff shall keep in force medical and dental insurance which is incidental to her employment for the benefit of the children. Any unreimbursed medical or dental expenses not covered by insurance is to be shared equally by the parties. Unless of an emergency nature, any extraordinary medical or dental expenses shall be incurred with the mutual consent of the parties.
The defendant shall transfer one-half of his 401K savings CT Page 563-W plan to the plaintiff by way of a rollover to an IRA of the plaintiff's choice.
One-half of the defendant's interest in his United Technologies pension plan shall be conveyed to the plaintiff by way of Qualified Domestic Relations Order. This is to be effectuated within 30 days of the decree of dissolution. The court denies defendant's request regarding the wife's pension plan.
The defendant husband may claim the minor child, Ashley, as an exemption on his income tax returns. The plaintiff wife may claim the minor child, Michael, as an exemption on her income tax returns. The defendant may deduct from his tax return payments made for taxes and interest on the marital residence up to October 14, 1996. Subsequently, the wife may deduct any similar payments made thereafter.
The parties are responsible for the debts listed on their respective financial affidavits.
The defendant shall retain all right, title and interest in that certain patent entitled "Slider Sock Patent" free and clear of any claim made by the plaintiff.
The personal property having been divided between the parties CT Page 563-X the court makes no specific order than as recited herein.
The Ford Taurus automobile shall be the sole property of the plaintiff and she shall hold the defendant harmless arising from any indebtedness relating to said automobile. The Cutlass and Volkswagen shall be the sole property of the defendant and the defendant shall hold the plaintiff harmless from any indebtedness relating thereto.
The testimony of the defendant indicated that there was cash in the amount of $4500.00 which he is asking that it be shared equally between the parties. His testimony indicated that he has already spent $2,000.00 of these funds, namely for attorney's fees. The remaining $2500.00 the court orders to be turned over to the plaintiff within 10 days of the order of dissolution.
Alimony is hereby awarded in the amount of $30.00 per week for a period of seven years.
Judgment may enter in accordance with the above.
The Court CT Page 563-Y
Curran, J.